IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00846-REB-MJW

CHRISTOPHER BEDDINGFIELD,

Plaintiff,

v.

CHRISTOPHER BROWN,
DREW JELTES, and
CITY OF COLORADO SPRINGS,

Defendants.

## REPORT & RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS (Docket No. 23)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff sues for false arrest and related claims under 42 U.S.C. § 1983.

Defendants moved to dismiss (Docket No. 23), and District Judge Robert E. Blackburn

referred the motion to the undersigned.  The Court has reviewed the parties' filings

(Docket Nos. 23, 33, & 34); taken judicial notice of the Court's entire file in this case;

and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.

Now being fully informed, the Court recommends that Defendant's motion be granted.

### Facts as Alleged in the Complaint

"On April 23, 2013 Plaintiff was riding his bicycle home from his friend's house

when Defendants stopped and arrested Plaintiff."  (Docket No. 1, ¶ 8.)  The individual

Defendants "stopped and arrested Plaintiff under the false pretext of Plaintiff lacking a

sufficient headlight for his bicycle," "without reasonable suspicion or probable cause."

2

(*Id.* ¶¶ 9–10.)  Unspecified criminal charges were filed.  (*Id.* ¶ 11.)  "Because he was

unable to make bail, Plaintiff was jailed from April 23, 2013 to December 24, 2013."  (*Id.*

¶ 12.)  Later, "[a]ll charges were dropped."  (*Id.* ¶ 13.)  Plaintiff's suit claims false arrest

and unlawful search and seizure under the Fourth Amendment and 42 U.S.C. § 1983,

and municipal liability for those Fourth Amendment violations under *Monell.*[1]

## Further Facts

Defendant submits a number of public records from Plaintiff's criminal case,

asking the Court to take judicial notice of the records.  *See Van Woudenberg ex rel.*

*Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take

judicial notice of its own files and records, as well as facts which are a matter of public

record."), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir.

2001).  As is relevant here, the records show that Plaintiff moved to suppress the

evidence, arguing that he was wearing a headlamp and therefore no reasonable

suspicion supported the *Terry* stop.  (Docket Nos. 23-5.)  The state court granted the

motion to suppress all evidence.  (Docket Nos. 23-4, p.6.)

## Legal Standards

Defendants move under Fed. R. Civ. P. 12(b)(6).[2]  Judge Blackburn has said:

> When ruling on a motion to dismiss pursuant to Fed. R. Civ. P.
> 12(b)(6), I must determine whether the allegations of the complaint are
> sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). . . .

---

[1] The Complaint also includes common-law tort claims, which Plaintiff has since
withdrawn.  (Docket No. 33, p.4.)

[2] Defendants also moved under Fed. R. Civ. P. 12(b)(1), arguing that the Court lacked
jurisdiction due to Colorado's sovereign immunity.  That portion of the motion is moot
because Plaintiff withdrew the state-law claims.

3

> Pursuant to the dictates of *Twombly*, I now review the complaint to determine whether it contains enough facts to state a claim to relief that is plausible on its face. . . .
>
> As previously, I must accept all well-pleaded factual allegations of the complaint as true. Contrastingly, mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not be sufficient to defeat a motion to dismiss. Moreover, to meet the plausibility standard, the complaint must suggest more than a sheer possibility that a defendant has acted unlawfully. For this reason, the complaint must allege facts sufficient to raise a right to relief above the speculative level. The standard will not be met where the allegations of the complaint are so general that they encompass a wide swath of conduct, much of it innocent. Instead the allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> The nature and specificity of the allegations required to state a plausible claim will vary based on context and will require the reviewing court to draw on its judicial experience and common sense. Nevertheless, the standard remains a liberal one, and a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Countryman v. Farmers Ins. Exch.*, 865 F. Supp. 2d 1108, 1109-10 (D. Colo. 2012)

*aff'd*, 545 F. App'x 762 (10th Cir. 2013) (internal citations, quotation marks, and

alterations omitted).

## **Discussion**

### *Individual Defendants*

Plaintiff's claims are based on the Fourth Amendment (*see* Docket No. 1 ¶¶ 10,

15)—specifically, Plaintiff claims he was stopped without reasonable suspicion. To

justify an investigatory stop, an "officer must have reasonable suspicion to believe that

criminal activity may be afoot." *United States v. Simpson*, 609 F.3d 1140, 1146 (10th

Cir. 2010) (internal quotation marks omitted). "[T]he existence of objectively reasonable

4

suspicion of illegal activity does not depend upon any one factor, but on the totality of

the circumstances."  *Id.* (internal quotation marks omitted).

The parties raise two questions.  First, Defendants argue that they had

reasonable suspicion to believe Plaintiff was in violation of the city ordinance requiring a

safety light on his bicycle—regardless of whether the state-court judge later decided

that a headlamp satisfies the ordinance.  Second, Plaintiff argues that collateral

estoppel precludes Defendants from raising that argument.

Both arguments are easily settled in Defendants' favor.  A motion to suppress in

a criminal case has no preclusive effect in later § 1983 proceedings against the

arresting officers.  *Novitsky v. City Of Aurora*, 491 F.3d 1244, 1252 n.2 (10th Cir. 2007)

(citing *Morgan v. Gertz*, 166 F.3d 1307, 1309 (10th Cir. 1999); *Kinslow v. Ratzlaff*, 158

F.3d 1104, 1105–07 & n. 3 (10th Cir. 1998)).  And on the merits, a *Terry* stop based on

a reasonable mistake of law is not a Fourth Amendment violation.  *Heien v. North*

*Carolina*, 135 S. Ct. 530 (2014).  The records subject to judicial notice suggest that

Plaintiff was stopped either because (1) his bicycle had no safety lamp at all, or (2) it

had no *rear* safety lamp on his bicycle.[3]  The ordinance at issue clearly and plainly

requires "bicycles," not "bicyclists," to be equipped with safety lamps (Docket No. 23-

---

[3] The affidavit supporting criminal charges indicate that the stop occurred because
Plaintiff was "riding a bicycle without any light." (Docket No. 23-2, p.2.)  The motion to
suppress states something a bit different: "According to discovery tendered to the
defense to date, [the officers stopped Plaintiff] because he did not have a light on the
back of his bike." (Docket No. 23-5 ¶ 2.)  This distinction is material, inasmuch as the
city ordinance requires a forward safety lamp but is silent on *rear* lamps.  Nonetheless,
the Complaint alleges that the stop was predicated on "lacking a sufficient headlamp."
(Docket No. 1 ¶ 8.)  And in any event, Plaintiff makes no argument that Defendants'
mistake was unreasonable.  Plaintiff argues only collateral estoppel, and thereby waives
any argument about the reasonableness of Defendants' mistake.

5

1)—and there is no dispute here that Plaintiff did not have a safety lamp on his bicycle.

If the arresting officers were mistaken about whether the headlamp would satisfy the

ordinance, the mistake was reasonable.  Accordingly, it did not violate the Fourth

Amendment.  The Court recommends that Count One be dismissed.

### *City Defendant*

To support municipal liability, Plaintiff must allege facts plausibly showing that the

City of Colorado Springs, rather than the individual Defendants, is fairly to blame for

wrongful conduct.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Generally speaking, a single instance is insufficient to make this showing.  *See Butler v.

City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) ("Proof of a single incident of

unconstitutional activity is not sufficient to impose liability under [*Monell*], unless proof of

the incident includes proof that it was caused by an existing, unconstitutional municipal

policy, which policy can be attributed to a municipal policymaker." (citation omitted));

*Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002) ("Although a single

incident generally will not give rise to liability, [inadequate training] may be found absent

a pattern of unconstitutional behavior if a violation of federal rights is a highly

predictable or plainly obvious consequence of a municipality's action." (internal citations

and quotation marks omitted)).

The complaint here makes literally no effort to meet this standard.  In response to

the motion to dismiss, Plaintiff argues only that a reasonable jury could find an unlawful

pattern or practice.  This does not satisfy the pleading standards in federal court.  The

Court recommends that Count Two be dismissed.

6

## **Recommendation**

It is RECOMMENDED that Defendants' Motion to Dismiss (Docket No. 23) be GRANTED and this case DISMISSED under Federal Rule of Civil Procedure 12(b)(6).

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Dated:       February 3, 2016                    */s/ Michael J. Watanabe*
             Denver, Colorado                    Michael J. Watanabe
                                                 United States Magistrate Judge