**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00846-REB-MJW

CHRISTOPHER BEDDINGFIELD,

    Plaintiff,

v.

CHRISTOPHER BROWN,
DREW JELTES, and
CITY OF COLORADO SPRINGS,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion to Dismiss** [#23][1] filed June 16, 2015; and (2) the corresponding **Report & Recommendation on Defendants' Motion To Dismiss (Docket No. 23)** [#35] filed February 3, 2016.  No objections to the recommendation were filed[2].  Therefore, I review the recommendation for plain error only.  ***See Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no error, much less plain error, in the recommendation, I find and conclude that recommendation should be approved and adopted.

---

    [1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

    [2] The plaintiff filed a motion [#36] for extension of time to file objections.  I entered an order [#38] denying that motion.  The plaintiff filed untimely objections [#39] in which he adopts his response to the motion to dismiss as his objections.  The plaintiff notes that he filed his objections in an effort to preserve the issue for appeal.

On April 23, 2013, the plaintiff, Christopher Beddingfield, was riding his bicycle at night while wearing a headlamp. The defendant police officers stopped Mr. Beddingfield and arrested him for lacking a sufficient headlight for his bicycle. Mr. Beddingfiled says unspecified criminal charges were filed against him. He says he was not able to post bail, and he was in the county jail from April 23, 2013, to December 24, 2013. Later, the plaintiff alleges, all charges were dropped.

In this case, two claims for relief remain: (1) a Fourth Amendment claim, alleging false imprisonment and unlawful search and seizure; and (2) a due process claim, alleging violation of his substantive and procedural due process rights, with supporting allegations which clearly are meant to assert a municipal liability claim against the City of Colorado Springs.[3] In the motion to dismiss, the defendants contend the two, remaining constitutional claims must be dismissed for failure to state a claim on which relief can be granted.

Addressing the Fourth Amendment claim, Mr. Beddingfiled contends his headlamp obviously satisfied the ordinance which requires bicycles to be equipped with safety lamps. If so, Mr. Beddinfield asserts, there was neither reasonable suspicion to stop him nor probable cause to arrest him. The magistrate judge found that the facts alleged in the complaint are not sufficient to state a Fourth Amendment claim. If the arresting officers were mistaken about whether Mr. Beddingfiled's headlamp satisfied the ordinance requiring bicycles to be equipped with safety lamps, the mistake was reasonable. *Recommendation* [#35], p. 5. An investigatory stop based on a reasonable mistake of law does not constitute a violation of the Fourth Amendment. *Id.*, p. 4.

---

[3] Mr. Beddingfield voluntarily dismissed the state law claims he asserted in his complaint. *Response* [#33], p. 4.

The magistrate judge concludes also that the complaint includes no allegations which plausibly support a municipal liability claim against the City of Colorado Springs.  I agree.  The allegations in the second claim for relief are wholly conclusory and do not satisfy the pleading standards established in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007), **Ashcroft v. Iqbal**, 556 U.S. 662 (2009), and related cases.

The analysis and conclusions detailed by the magistrate judge are correct.  Thus, I approve and adopt the recommendation.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Report & Recommendation on Defendants' Motion To Dismiss (Docket No. 23)** [#35] filed February 3, 2016, is approved and adopted as an order of this court;

2. That under Fed. R. Civ. P. 12(b)(6), the **Motion to Dismiss** [#23] filed June 16, 2015, is granted;

3. That judgment shall enter in favor of the defendants and against the plaintiff;

4. That defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5. That this case is closed.

Dated March 17, 2016, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Bob Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge